1

2   Michele Besso, WSBA#17423
    Northwest Justice Project
3   510 Larson Bldg., 6 South 2nd Street
    Yakima, WA 98901
4   509.574.4234

5   Mary Welch, WSBA#29832
    Northwest Justice Project
6   1814 Cornwall Ave.
    Bellingham, WA  98226
7   360.734.8680

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 19 2013

SEAN F. McAVOY, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

8   Attorneys for Plaintiffs

9   UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF WASHINGTON

10

11  PEDRO MENDEZ GIRON, JOSE
    SANTOS MARQUEZ, JOSE SANTOS
    MEZA, LUCAS LOPEZ LOPEZ,
12  DARINEL SANTOS MARQUEZ,
    JOAQUIN SOLIZ ROBLERO,
13  ADOLFO  BAUTISTA PEREZ,
    MARIANO PEREZ PEREZ, PEDRO
14  GUZMAN GIRON, JUAN LOPEZ
    GOMEZ, VICENSIO RAMIREZ
15  ROBLEDO, ABRAHAM GIRON
    SANTIZ, EDGAR  MORALES CRUZ,
16  TAYDE DE LEON, JAVIER JIMENEZ
    LUNA, and EMIR MORALES PEREZ

17              Plaintiffs,

18          vs.

19  5 STAR FORESTRY, LLC, MICHAEL
    DOMINGUEZ and LISA
20  DOMINGUEZ, a marital community,

No.  CV-13-153-JLQ

**COMPLAINT FOR DAMAGES**

21  COMPLAINT FOR DAMAGES - 1

Northwest Justice Project
510 Larson Building
6 S 2nd Street
Yakima, WA 98901
Tel. (509) 574-4234  Fax (509) 574-4238

Defendants.

## I.   PRELIMINARY STATEMENT

1.     Plaintiffs were recruited from Mexico to work for defendant forestry contractors as temporary foreign workers under the H-2B program in 2010. Defendants operate as forestry contractors in Washington, Idaho, Mississippi, Montana, and Louisiana.  Plaintiffs worked for defendants in Montana, Idaho and Washington State.

2.     Plaintiffs bring this action for damages based on the defendants' violations of plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 *et seq*. ("AWPA"), The Farm Labor Contractor Act, RCW 19.30.010 *et seq*. ("FLCA"), the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*. ("FLSA"), and the Washington Wage Act, RCW 49.52.050(2).

## II.   JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question), 29 U.S.C. § 1854 (AWPA); and 29 U.S.C. §216 (b) (FLSA).

4.     This Court has jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (Supplemental Jurisdiction).

5.     The proper venue for this action is in the Eastern District of Washington pursuant to 28 U.S.C. § 1391. A substantial part of the events or

COMPLAINT FOR DAMAGES - 2

Northwest Justice Project
510 Larson Building
6 S 2nd Street
Yakima, WA 98901
Tel. (509) 574-4234  Fax (509) 574-4238

1    omissions giving rise to plaintiffs' claims occurred in Okanagon County,

2    Washington.

### III.    PARTIES

*Plaintiffs*

5       6.     At all times relevant to this complaint, plaintiffs were migrant

6    agricultural workers within the meaning of 29 U.S.C. §1802(8) (A) and

7    agricultural employees within the meaning of FLCA, RCW 19.30.010(5).

8       7.     Plaintiffs  arrived in the United States to work for 5 Star Forestry,

9    LLC in April 2010.

10      8.     Plaintiffs are all citizens of Mexico and were admitted as temporary

11   foreign workers under the H-2B provisions of the Immigration and Nationality

12   Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(b), to perform forestry work for defendants.

13      9.     Defendant 5 Star Forestry, LLC is a limited liability company, having

14   its principal place of business in Kooskia, Idaho, that is licensed to do and does

15   business in the State of Washington.

16      10.    At all times relevant to this Complaint, defendant 5 Star Forestry,

17   LLC was a farm labor contractor within the meaning of 29 U.S.C. §1802(7) and

18   RCW 19.30.010(2), licensed in the State of Washington. To ensure compliance

19   with the provisions of the FLCA, 5 Star Forestry, LLC has provided security to the

20   Washington State Department of Labor and Industries in the form of an assigned

21   COMPLAINT FOR DAMAGES - 3

Northwest Justice Project
510 Larson Building
6 S 2nd Street
Yakima, WA 98901
Tel. (509) 574-4234  Fax (509) 574-4238

1    account held at Kamiah Community Credit Union in the amount of $10,000.

2        11.    At all relevant times, defendants Michael and Lisa Dominguez have

3    constituted a marital community. All acts alleged to have been done by either

4    defendant were done on behalf of the marital community.  Lisa Dominguez is sued

5    solely as a  member of the marital community.

6        12.    At all relevant times, defendant Michael Dominguez ("Defendant

7    Dominguez") owned, operated and/or managed Defendant 5 Star Forestry, LLC

8    and as such was a farm labor contractor for purposes of 29 U.S.C. § 1802(7) and

9    RCW 19.30.010(2), and an employer for purposes of 29 U.S.C. § 203(d) and RCW

10   49.30.010(3).

11              **BACKGROUND REGARDING H-2B PROGRAM**

12       13.    The H-2B program enables employers to hire temporary foreign

13   workers subject to obtaining certification by the U.S. Department of Labor

14   (hereinafter "DOL"). 20 C.F.R. § 655 Subpart A (2010).

15       14.    In order to obtain an H-2B certification, an employer must submit its

16   proposed job offer to DOL establishing that it needs non-agricultural services. 20

17   C.F.R. § 655.6.

18       15.    If the job opportunity involves multiple worksites within an area of

19   intended employment and different prevailing wage rates exist for the same

20   opportunity and staff level within the area of intended employment, the prevailing

21   COMPLAINT FOR DAMAGES - 4

1  wage shall be based on the highest applicable wage among all relevant worksites.

2  20 C.F.R. § 655.10(b)(3).

3     16.    The H-2B regulations require, among other things, that job offers

4  specify:

5         a.    All deductions not required by law that employer will make

6  from worker's paycheck.

7         b.    All deductions must be reasonable; however,

8         c.    An employer subject to the FLSA may not make deductions

9  that would violate the FLSA. 20 C.F.R. Subpart A § 655.22(g)(1).

10     17.    H-2B employers must also agree in their job offers to abide by

11  obligations imposed on them by the H-2B regulations and to "comply with the

12  applicable federal, state, and local employment-related laws and regulations,

13  including employment-related health and safety laws" 20 C.F.R. § 655.22(d).

14                    IV.   **STATEMENT OF FACTS**

15     18.    Defendants applied for permission to bring H-2B workers to the U.S.

16  by filing an Application for Alien Employment Certification, Form ETA 9142

17  (herein after "Clearance Order") with the United States Department of Labor.  20

18  C.F.R. Subpart A § 655.20(a) (2008).

19     19.    Each clearance order sets forth the number of workers requested,

20  period of employment, rate of pay, and type of work being offered by defendants.

21  COMPLAINT FOR DAMAGES - 5

20.    DOL granted defendants partial certification under the H-2B program for 63 forest and conservation workers (tree planters) from April 1, 2010 to December 31, 2010.

21.    The Clearance Order provided that the workers would be employed as tree planters to work in the state of Mississippi from April 1, 2010 through December 31, 2010, at a wage of $13.27 per hour, for 40 hours per week.

22.    The defendants recruited plaintiffs from Chiapas, Mexico to work for them pursuant to the above Clearance Order.

23.    Defendants used labor contractor U.S. Opportunities to recruit plaintiffs.

24.    Plaintiffs paid for their own transportation to the U.S. border from their home in Chiapas, as well as incurring costs necessary to accept work with defendants, including the costs for a visa, passport, hotel stay at the border, and border crossing fees. These costs were not reimbursed by defendants.

25.    All of these costs were necessary to the workers' employment with 5 Star Forestry, LLC, and were incurred primarily for defendants' benefit before the workers' first paycheck.

26.    The costs that these plaintiffs incurred for defendants' benefit before their first paycheck reduced their wages below the federal minimum wage of $7.25 per hour for their first week of work.

COMPLAINT FOR DAMAGES - 6

27.     Defendants failed to furnish to each Plaintiff a written disclosure on the form prescribed by the Department of Labor and Industries at the time of their recruitment stating the wages to be paid, the conditions of any transportation, housing, or other employment benefit to be provided, and the terms and conditions of employment, as required by FLCA at RCW 19.30.110(7).

28.     Defendants failed to provide each plaintiff with a written disclosure in their own language of the terms and conditions of employment at the time of their recruitment that complied with AWPA.

29.     Plaintiffs all arrived in Montana from Mexico by bus in April 2010 in a group of 44 H-2B workers, all from Chiapas, Mexico.

30.     The bus fare from Laredo Texas to Missoula, Montana cost $203.00 for each plaintiff, the cost of which was advanced by U.S. Opportunities.

31.     Defendants failed to provide plaintiffs with the 32-40 hours per week of work promised in the Clearance Order for their first eight weeks of employment.

32.     All plaintiffs but Joaquin Soliz Roblero and Tayde de Leon were employed by Defendants 5 Star Forestry, LLC and Michael Dominguez in Montana, Idaho, and Washington from late April until August of 2010.

33.     Plaintiff De Leon was given his first opportunity to work by defendants in May, 2010 and was terminated by defendants in June, 2010.

COMPLAINT FOR DAMAGES - 7

1    34.    Plaintiffs Tayde De Leon, Jose Santos Marquez, Jose Santos Meza,

2  Javier Jimenez Luna, Adolfo Bautista, Darinel Santos Marquez, Vicensio Ramirez

3  Robledo, Edgar Morales Cruz, Emir Morales Perez were part of a group of H-2B

4  workers housed in a trailer in Montana when they first arrived in the U. S. without

5  work or adequate food.

6    35.    The trailer failed to meet applicable safety and health standards.

7    36.    In or about late May, 2010, defendants transported all the plaintiffs to

8  Washington State to perform forestry work.

9    37.    Defendants' recruitment of plaintiffs to perform forestry work in

10 Washington State constituted "farm labor contracting activity" within the meaning

11 of the Washington Farm Labor Contractor Act, RCW 19.30.010(3).

12    38.    Defendants took deductions from plaintiffs' pay which had not been

13 authorized in advance by plaintiffs for a lawful purpose accruing to the benefit of

14 plaintiffs, including deductions labeled "expense deductions", excessive bus ticket

15 reimbursements, and fees for U.S. Opportunities.

16    39.    Defendants failed to provide plaintiffs with itemized pay statements

17 with the purpose of each sum of money withheld from their wages.

18    40.    The pay statements that defendants provided to plaintiffs failed to

19 state the number of hours worked when the plaintiffs worked by piece rate.

20    41.    Defendants housed plaintiffs in tents at the Lake Bonaparte

21 COMPLAINT FOR DAMAGES - 8

1 campground.

2    42.    The tents occupied by plaintiffs failed to meet applicable federal and

3 state substantive safety and health standards.

4    43.    The tents occupied by plaintiffs were not licensed as temporary

5 worker housing by the Washington State Department of Health; nor had the tents

6 been certified by any other state or local authority as meeting applicable safety and

7 health standards.

8    44.    Defendants controlled the housing in which plaintiffs lived at Lake

9 Bonaparte Campground.

10    45.    Defendants did not request that any state or local agency inspect the

11 tents occupied by plaintiffs to ensure that they complied with substantive Federal

12 and State safety and health standards.

13    46.    Defendants failed to post at the housing sites occupied by plaintiffs a

14 statement showing the terms and conditions of occupancy; however, defendants

15 deducted housing charges from plaintiffs' paychecks anyway.

16    47.    In June 2010, plaintiffs Tayde de Leon and Joaquin Soliz Roblero

17 complained to defendant Michael Dominguez on behalf of the group of H-2B

18 workers (including plaintiffs) about unauthorized deductions from their paychecks

19 and the lack of work.

20    48.    Defendant Dominguez fired plaintiffs Tayde de Leon and Joaquin

21 COMPLAINT FOR DAMAGES - 9

1   Soliz Roblero for exercising their rights under the Migrant and Seasonal

2   Agricultural Worker Protection Act (AWPA) and the Farm Labor Contractor Act

3   (FLCA).

4       49.    After plaintiff de Leon and Soliz Roblero were fired, the remaining

5   workers went on strike to protest the firings.

6       50.    Defendant Michael Dominguez then promised to cease making

7   unauthorized deductions and to reimburse workers $96 for a deduction from that

8   week's paycheck that had reduced plaintiffs' wages close to $0.

9       51.    Defendants continued to make unauthorized deductions from

10  plaintiffs' paychecks after promising not to do so.

11      52.    Defendants continued to deduct sums from Plaintiffs' wages during

12  their employment in Washington without authorization or itemization, resulting in

13  a failure to pay wages when due.

14      53.    In July, 2010 defendants took plaintiff s Adolfo Bautista Perez,

15  Edgar Morales Cruz, Jose Santos Meza, Emir Morales Perez, Javier Jimenez Luna

16  and 4 other H-2B workers to perform forestry work for 5 Star Forestry in Idaho

17  (Hereinafter, "Idaho plaintiffs").   The rest of the plaintiffs continued to work for 5

18  Star Forestry in Washington State, living at the campground in Lake Bonaparte,

19  Washington ("Lake Bonaparte plaintiffs".)

20      54.    Plaintiffs sent a letter to defendant Michael Dominguez through his

21  COMPLAINT FOR DAMAGES - 10

Northwest Justice Project
510 Larson Building
6 S 2nd Street
Yakima, WA 98901
Tel. (509) 574-4234 Fax (509) 574-4238

1    lawyer on or about August 6, 2010, asking that he stop taking unauthorized

2    deductions from their pay checks, reimburse the deductions already taken, and

3    otherwise comply with his obligations under AWPA, the Service Contract Act, and

4    the Fair Labor Standards Act.

5         55.    In this letter, plaintiffs advised defendant Dominguez that should

6    they be unable to resolve these issues by August 16, 2010, that they would file a

7    complaint with the U.S. Department of Labor.

8         56.    Defendant Dominguez made threats that plaintiffs would be fired as a

9    result of this complaint.

10        57.    On or about August 18, 2010, the Idaho Plaintiffs were terminated

11   from employment.

12        58.    The Idaho Plaintiffs were told to sign a document stating there was

13   no more work and that they were fired.

14        59.    Lake Bonaparte Plaintiffs Juan Lopez Gomez and Mariano Perez

15   Perez left their employment with defendants in early August, 2010.

16        60.    On or about August 18, 2010, 5 Star Forestry foreman and agent Isaac

17   Santamaria instructed the remaining Lake Bonaparte plaintiffs to sign a statement

18   that they did not want to be represented by Northwest Justice Project or they would

19   be fired.

20        61. The Lake Bonaparte plaintiffs refused to sign the statement.

21   COMPLAINT FOR DAMAGES - 11

Northwest Justice Project
510 Larson Building
6 S 2nd Street
Yakima, WA 98901
Tel. (509) 574-4234  Fax (509) 574-4238

62.     On or about August 20, 2010, the Lake Bonaparte Plaintiffs still employed by defendants were told by 5 Star Forestry, LLC foreman Isaac Santamaria that there was no longer work for them because of their complaints.

63.     Earlier, Lake Bonaparte plaintiffs had been told by defendants that they would have work in Washington State until the weather turned too cold, at which time they would continue to have work in Mississippi until their visas expired in December.

64.     Defendant 5 Star Forestry provided a termination letter to plaintiffs stating that they would be brought back to work for 5 Star Forestry in November, 2010.

65.     Defendants knowingly provided false information to plaintiffs when defendants promised that they would be brought back to work for defendants.

66.     Defendants never offered plaintiffs further employment after terminating them in August, 2010.

67.     Defendants terminated all plaintiffs (except for Juan Lopez Gomez and Mariano Perez Perez) from employment in retaliation for plaintiffs having exercised their rights pursuant to AWPA, FLSA, FLCA and state wage laws.

68.     Defendants were engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(b).

69.     Defendants failed to make, keep, and preserve a record of the

COMPLAINT FOR DAMAGES - 12

Northwest Justice Project
510 Larson Building
6 S 2nd Street
Yakima, WA 98901
Tel. (509) 574-4234 Fax (509) 574-4238

following information:

      a.    The number of hours worked by plaintiffs for work paid on a piecework basis;

      b.    The purpose of sums being withheld from plaintiffs' pay; both in violation of RCW 19.30.110(9)(a).

    70.    All of the actions and omissions alleged in the paragraphs above were undertaken by the defendants either directly or through their agents.

    71.    Plaintiffs suffered damages as a result of defendants' actions.

## V.    CAUSES OF ACTION

### A. Fair Labor Standards Act

    72.    All facts alleged above are reasserted here in support of plaintiffs' cause of action set forth below.

    73.    At all times relevant to this action, the plaintiffs were employed by defendants within the meaning of the FLSA.

    74.    Defendants violated 29 U.S.C. §206 (a), by failing to pay plaintiffs the required minimum wage for their first week of work, giving rise to a cause of action under 29 U.S.C. §216(b).

    75.    Defendants' violation of FLSA was willful.

COMPLAINT FOR DAMAGES - 13

Northwest Justice Project
510 Larson Building
6 S 2nd Street
Yakima, WA 98901
Tel. (509) 574-4234  Fax (509) 574-4238

76.     Defendants violated the minimum wage provisions of FLSA, 29 U.S.C. § 206(a), by failing to reimburse plaintiffs during the first week of their employment for costs they incurred primarily for the benefit of 5 Star Forestry and Michael Dominguez.

77.     These costs included the travel costs, passport fees, visa-related fees and expenses,  and other fees incurred primarily for defendants' benefit that Plaintiffs had to pay in order to accept work with 5 Star Forestry.

78.     When these costs are calculated as deductions from plaintiffs' first week's pay, as required by law, they cause the plaintiffs' first week's earnings to fall below the federal minimum wage for that pay period.

79.     As a consequence of defendants' violation of FLSA as set out in this Cause of Action, Plaintiffs are entitled to their unpaid minimum wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount to be proven at trial.

## B. MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT

80.     All facts alleged above are reasserted here in support of plaintiffs' cause of action set forth below.

81.     Defendants intentionally violated the plaintiffs' rights under AWPA by:

COMPLAINT FOR DAMAGES - 14

Northwest Justice Project
510 Larson Building
6 S 2nd Street
Yakima, WA 98901
Tel. (509) 574-4234  Fax (509) 574-4238

a.     failing to disclose in writing in their own language the terms and conditions of employment at the time plaintiffs were recruited, in violation of 29 U.S.C. § 1821(a).

b.     violating their working arrangement with plaintiffs without justification.  29 U.S.C. § 1822 (c).

c.     failing to ensure that housing owned or controlled by defendants complied with applicable  substantive Federal and State safety and health standards in violation of 29 U.S.C. §1823 (a).

d.     housing plaintiffs in facilities that had not been certified by any State or local health authorities as meeting minimum safety and health standards, in violation of 29 U.S. C.  § 1823 (b).

e.     firing Plaintiffs (all but Juan Lopez Gomez and Mariano Perez Perez) for exercising their rights under the AWPA, in violation of 29 U.S.C. § 1855 (a).

f.     knowingly providing false and misleading information regarding the terms and conditions of employment, in violation of 29 U.S.C. §1821 (f);

g.     failing to provide each plaintiff with pay statements that meet the requirements of 29 U.S.C. § 1821 (d)(2);

h.     failing to pay the wages owed to each plaintiff when due, in violation of 29 U.S. C. § 1822 (a);

For each such violation of the AWPA, plaintiffs are each entitled to recover

COMPLAINT FOR DAMAGES - 15

1   their actual damages or up to $500 per violation in statutory damages. 29 U.S.C. §

2   1854(c).

### C. WASHINGTON STATE FARM LABOR CONTRACTORS ACT

82.     All facts alleged above are reasserted here in support of plaintiffs' cause

of action set forth below.

83.     Defendants violated the Washington Farm Labor Contractor Act, RCW

19.30.010 *et seq.*, by making or causing to be made, false and misleading

representations to plaintiffs concerning the terms and conditions of employment in

violation of RCW 19.30.120(2).

84.     Defendants violated their duties as farm labor contractors by:

a.      Failing to provide written statements to plaintiffs at the time of

recruiting, soliciting or hiring, whichever occurred first, that complied with RCW

19.30.110(7);

b.      Failing to comply with the terms and provisions of their agreements

and contracts with plaintiffs, in violation of RCW 19.30.110(5);

c.      Failing to furnish plaintiffs each time they received a compensation

payment from defendants, a written statement itemizing the total payment and the

amount and purpose of each deduction therefrom, hours worked for work paid on a

piece rate basis, and for the work done under the Service Contract Act (41 U.S.C.

COMPLAINT FOR DAMAGES - 16

§§351 through 401), a written statement of any applicable prevailing wage, in violation of RCW 19.30.110(8).

85.     Defendants violated FLCA by discharging plaintiffs (all but Juan Lopez Gomez and Mariano Perez Perez) because they had made a claim against defendants for compensation for the employees' personal services and had discussed or consulted with an attorney concerning their rights under this Chapter, in violation of RCW 19.30.190 (1) and (4).

86.     Plaintiffs have suffered injury as a result of each of these violations of the Washington Farm Labor Contractor Act, in an amount to be proven at trial.

87.     Based on each of these violations, each plaintiff is entitled to recover his actual damages or statutory damages from defendants in the amount of $500, whichever is greater, pursuant to RCW 19.30.170(2).

### D. WASHINGTON STATE WAGE LAW

88.     All facts alleged above are reasserted here in support of plaintiffs' cause of action set forth below.

89.   Defendants violated Washington wage payment law by willfully depriving plaintiffs of a part of their  wages through unauthorized deductions, in violation of RCW 49.52.050(2) and RCW 49.52.060,  giving rise to a cause of action under RCW 49.52.070.

COMPLAINT FOR DAMAGES - 17

Northwest Justice Project
510 Larson Building
6 S 2nd Street
Yakima, WA 98901
Tel. (509) 574-4234 Fax (509) 574-4238

90.     Defendants' failure to pay plaintiffs' wages when due was willful within the meaning of RCW 49.52.070, and plaintiffs are, therefore, entitled to all damages allowed under the Washington wage law, including double damages, in an amount to be proven at trial.

## PRAYER FOR RELIEF

91.     Plaintiffs ask this Court to Grant them the following relief:

a.      Award each of the plaintiffs actual damages, or alternatively, statutory damages of up to $500, whichever is greater, for each of defendants' violations of AWPA, pursuant to 29 U.S.C. §1854(c)(1);

a.      Award each of the plaintiffs statutory damages of $500 for each of defendants' violations of RCW 19.30.120 (2), 19.30.110 (7), and 19.30.110 (8), pursuant to RCW 19.30.170(2) (FLCA);

b.      Award plaintiffs actual damages, or statutory damages of $500 per plaintiff, whichever is greater, for each of defendants' violations of RCW 19.30.110(5) and RCW 19.30.190, pursuant to RCW 19.30.170(2) (FLCA);

c.      Enter a finding that plaintiffs are entitled to satisfy any judgment awarded them out of the security deposit held by the Department of Labor and Industries pursuant to RCW 19.30.170 (9);

d.      Award plaintiffs their unpaid minimum wages and an equal amount as liquidated damages, pursuant to 29 U.S.C. §216(b);

COMPLAINT FOR DAMAGES - 18

Northwest Justice Project
510 Larson Building
6 S 2nd Street
Yakima, WA 98901
Tel. (509) 574-4234   Fax (509) 574-4238

e.  Award plaintiffs their unpaid wages, plus exemplary damages and

attorney fees, pursuant to RCW49.52.070;

f.  Award plaintiffs their actual damages, including lost wages and

emotional distress, for their retaliatory discharge, pursuant to 29 U.S.C.

§1854 and RCW 19.30.170.

h.  Award plaintiffs their costs and reasonable attorney fees in this matter

pursuant to 29 U.S.C. § 216(b), RCW 19.30.170(1), RCW 49.48.030, and any

other applicable grounds;

i.  Award plaintiffs pre-judgment and post-judgment interest to the full

extent authorized by law; and

j.  Award plaintiffs such other or further relief as the Court finds

appropriate and just.

Respectfully submitted, this _19th_ day of April, 2013.


NORTHWEST JUSTICE PROJECT

By: _Michele Besso_
　　　Michele Besso, WSBA #17423


By: _Michele Besso for_
　　　Mary Welch, WSBA #29832

Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES - 19

Northwest Justice Project
510 Larson Building
6 S 2nd Street
Yakima, WA 98901
Tel. (509) 574-4234  Fax (509) 574-4238